UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony W. Sheppard, | ) C/A No. 4:13-1380-CMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Myrtle Beach Police Jail; | ) |
| Richland County Sheriff Dept.; | ) |
| Richland County Solicitor's Offs.; | ) |
| Richland County Clerk of Court; | )REPORT AND RECOMMENDATION |
| General Sessions Court; | ) |
| Public Defenders Office; | ) |
| Holding Jail; | ) |
| Horry County Solicitor's Office; | ) |
| Horry County Police Dept.; | ) |
| J. Ruben Long Detention Center; | ) |
| Magistrate Phipps, N. Myrtle Beach, SC; | ) |
| Judge Abigail; | ) |
| Shannon Campbell; | ) |
| Teressa Odom; | ) |
| Tonya Tyler; | ) |
| Christy L. Miller; | ) |
| Gainey Sheppard, and | ) |
| James Rogers, | ) |
| | ) |
| Defendants. | ) |

_____

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## **BACKGROUND**

This is the second similar civil case filed by Anthony W Sheppard ("Plaintiff") in this court this year. In February 2013, Plaintiff filed Civil Action No. 4:13-402-CMC-TER, against several

Richland County and Horry County courts and public offices, seeking to have a conviction expunged from his record. The scant facts alleged in that case disclose that the domestic relations problems that Plaintiff had/has with his wife gave rise to the conviction that he sought to expunge. The same is true of the Complaint now submitted in this case less than a month since the summary dismissal of Civil Action No. 13-402. ECF No. 1, Compl. 3.

Although Plaintiff added several additional Defendants to the Complaint filed in the case now under review, the underlying "facts" are the same as those in Civil Action No. 13-402: Plaintiff alleges that he was improperly convicted on harassment charges in Richland County because of false evidence allegedly provided to Richland and Horry County law enforcement/courts by several persons who are individually named as Defendants in this case: Shannon Campbell, Teressa Odom, Christy L Miller, and Gainey Sheppard. *Id*. In this case, as in the prior case, Plaintiff asks that the criminal conviction be expunged from his record. Also in this case, Plaintiff asks this court to order all Defendants to pay the fees for the expungement, he asks this court to order an investigation into the operations of the Richland and Horry County courts, and he asks that Defendants Campbell, Odom, Miller, and Sheppard be criminally prosecuted and have to "payout millions of dollars to [Plaintiff]" for allegedly providing false evidence that resulted in his harassment conviction. *Id*. at 4-5.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon*

*v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte.* *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to  a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*.  The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).   Even under this less stringent standard, however, the *pro se* Complaint in this case is subject to summary dismissal.

## DISCUSSION

**A. Insufficient pleading**

Initially, the Complaint in this case is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain

statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. It is well settled that, even though a pro se litigant's pleadings are to be "liberally construed," *Hughes v. Rowe*, federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278); *Gordon v. Leeke*, 574 F.2d at 1151.

As stated above, Plaintiff provides the court with little factual background for the claims he attempts to raise in this case. Although he names many Defendants and broadly claims that they played some part in his decision to plead guilty to harassment charges that he now wants expunged from his record, other than claiming that several of the individual Defendants provided false evidence, he does not state what, exactly, each Defendant did or what actions they took that resulted in the now-contested guilty plea. While he names Solicitor's and Public Defender's Offices as Defendants, Plaintiff does not provide any kind of factual information about how these offices (or members of these offices) were involved in the harassment charges or how they were involved in his domestic relations problems. He does not provide dates, places, or times for any event that allegedly gave rise to the contested conviction. As a result, it is impossible to determine that any clear allegations of wrongdoing are made against each Defendant. Without identifying allegations about the part each Defendant allegedly played in the decision to plead guilty or in the imposition of the

criminal conviction, the Complaint does not satisfy Rule 8, is frivolous, and does not state a plausible claim against any Defendant.

## B. Duplicative claims

Additionally, this court may take judicial notice of Civil Action No. 4:13-402-CMC-TER. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records). The case now under review is, for the most part, duplicative of that prior case and is subject to summary dismissal for the same reasons that the complaint filed in Civil Action No. 4:13-402-CMC-TER was subject to summary dismissal: immune defendants (judges, courts, Solicitors); *Heck v. Humphrey,* 512 U.S. 477 (1994)(all civil rights claims arising from criminal prosecutions and convictions are premature until conviction is legally set aside) (all Defendants); and lack of personhood of several Defendants (Sheriff's offices, Solicitor's offices, Public Defender offices, police offices, jails). *See Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient.

425 F.2d at 1296; s*ee also U.S. v. Parker*, 956 F.2d 169, 171(8th Cir. 1992).

## C. Mandamus relief

Furthermore, as discussed in the prior case, the major portion of the relief that Plaintiff requests: an investigation into the county courts and criminal prosecutions against several individual Defendants, cannot be awarded by this court. By asking this court to direct the state courts to conduct hearings about or investigations into the operations of its trial courts and/or the Solicitor's and/or Public Defender's offices, Plaintiff is seeking relief in the nature of mandamus.  *See Black's Law Dictionary* (8th ed. 2004) (mandamus:"A writ issued by a superior court to compel a lower court or

a government officer to perform mandatory or purely ministerial duties correctly.") Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Superior Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official of the United States. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973)(federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner); *see also In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001)(same; collecting cases)*; In re Carr*, 803 F.2d 1180, 1180 (4th Cir. Oct 24, 1986)(unpublished opinion)(same). In *Davis v. Lansing*, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74; *see also Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985). In *Craigo*, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See Craigo*, 624 F. Supp. at 414; *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); *Hatfield v. Bowen*, 685 F. Supp. 478, 479 (W.D. Pa. 1988); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990). As indicated in the cited authority, this court does not have jurisdiction to order the State of South Carolina or any of its sub-entities like the various county courts to do anything, including conducting an investigation into its courts and judges or expunging a criminal conviction from someone's record.

**D. No Right to Criminal Prosecution of Others**

Finally, this court cannot direct or require the State of South Carolina, Horry County, or

Richland County to charge Defendants Campbell, Odom, Miller, and Sheppard criminally. Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). As the Seventh Circuit Court of Appeals explained:

> [T]here is no constitutional right to be protected by the state against being murdered [or otherwise injured] by criminals or madmen. It is monstrous if the state fails to protect its residents against such predators *but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution*. The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order.

*Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982)(emphasis added). Because this court cannot provide the relief requested to Plaintiff, even if his pleading were sufficient to raise plausible claims against one or more Defendants, which it is not, this case should be summarily dismissed.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice. See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

Plaintiff's attention is directed to the important notice on the next page.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 31, 2013
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).